[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Mills Pride Inc., engaged the defendant David Somers to serve as a construction manager for the interior renovations for a kitchen cabinet center in Enfield, Connecticut. The plaintiff's predecessor corporation had operated a very substantial cabinet manufacturing operation in the United Kingdom. The Enfield facility was to implement a new business concept in the United States. The plaintiff's vertically integrated business would manufacture cabinet sections at its Ohio facility and assemble them to custom order in the Enfield location.
The plaintiff's Enfield facility consisted of a newly constructed 80,000 square foot warehouse, assembly plant and a remodeled 40,000 square foot retail/office complex. The display area would contain approximately 125 model kitchens.
The principal of Mill's Pride and its related corporations, Mr. Malcolm Healy was himself relocating to Connecticut from England. In his efforts to locate a residential estate he came in contact with the defendant Mr. David Somers. Mr. Somers is a lawyer, but is primarily engaged in residential construction.
Mr. Somers was drawn into the Enfield project by Mr. James "Blue" Minges. Mr. Minges is an architect who was CT Page 8541 introduced to Malcolm Healy by Somers. Minges is addition to working on plans for Healy's estate, was designing the interior space in the plaintiff's Enfield facility.
In view of problems with the Enfield project, Malcolm Healy hired David Somers to serve as project manager for an hourly fee of $100 per hour. There was no written expression of this agreement and no mutual understanding as to the terms of this engagement.
This litigation arises from claims by the plaintiff that the defendant breached his contractual obligations, negligently performed such obligations and violated Connecticut's Unfair Trade Practices Act related to such contract.
The plaintiff failed to meet its burden of proof that there was the requisite mutual understanding as to the contractual obligations. The terms of the contract were not established at trial by express agreement, implied understanding or custom and usage of the industry. The representations did not contain the material terms that would be essential to the existence of a contract, Augeri v. C.F. Wooding Co., 173 Conn. 426, 429, 430, 378 and 538 (1977).
The negligence claims fail for similar reasons. In addition the confused nature of the project suggests that the delays and cost overruns were not attributable to the defendant. The project commenced without any construction manager, or plans to retain one. Thus, it is difficult to believe that the defendant's failings were the proximate cause of the delays and excess costs.
The CUTPA claim in that they depend on alleged contractual obligations of the defendant which were not proven to exist, must similarly fail.
The defendant has counterclaimed alleging negligent misrepresentations by the plaintiff as to the term of the employment relationship.
The failure of the parties to reach a mutual understanding as to their agreement is as fatal to the defendant's claim as it is to plaintiff's. See D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 215 (1987).
Judgment enters for the Defendant on the Complaint and for the Plaintiff on the Counterclaim.
BY THE COURT CT Page 8542 Hon. Robert F. McWeeny, J. Superior Court Judge